IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES JOHNSON, #R43618, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-449-SPM |
| ) | |
| DR. LITHERLAND, ) | |
| JOHN DOE (Dir. of Medical Services), ) | |
| STEVEN MEEKS, J.B. PRITZKER, ) | |
| DR. TRAN, JANE DOE 1 (Dental Asst.), ) | |
| JANE DOE 2 (Dir. of Registered Nurses), ) | |
| and WEXFORD HEALTH SOURCES, INC.,) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff James Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He asserts that his Eighth Amendment rights were violated when Defendants refused to provide him with dental care. (Doc. 1). He seeks monetary damages and injunctive relief. (Doc. 1, p. 10).

This Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): On May 21, 2020, Dr.

Litherland visited Plaintiff at his cell door after Plaintiff had submitted many sick call requests for severe pain in his tooth which prevented him from eating normally and caused headaches. (Doc. 1, pp. 8, 13-14). Litherland told Plaintiff he couldn't do anything to help with the pain. The counselor's response to Plaintiff's grievance over this encounter stated that COVID-19 had halted dental procedures and Plaintiff was given antibiotics and pain medication on June 16, 2020. (Doc. 1, p. 13). However, Plaintiff filed a second grievance on June 24, 2020, asserting that the counselor's statement was false; he had never been given any medication for his pain and still had not had the tooth evaluated. (Doc. 1, pp. 16-17). Dr. Litherland and a Jane Doe Dental Assistant saw Plaintiff again on June 24, 2020 and told Plaintiff he just had to deal with the pain. *Id.*

Plaintiff alleges he also saw Dr. Tran, who refused to do anything for Plaintiff's tooth pain. (Doc. 1, p. 8). On or about April 7, 2021, Plaintiff told the Jane Doe Director of Registered Nurses during her rounds that his tooth pain prevented him from eating or drinking, but she did nothing in response. (Doc. 1, p. 9). Plaintiff wrote to Dr. Steven Meeks and to the John Doe Director of Medical Services of Wexford Health Sources, Inc., ("Wexford") about his need for dental treatment but received no response. (Doc. 1, pp. 8-9). He alleges that Wexford failed to provide him with reasonable health care, and Governor Pritzker ordered prison staff not to treat inmates' dental issues except to provide extractions. *Id.*

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Eighth Amendment deliberate indifference to serious dental needs claim against Dr. Litherland, Meeks, Wexford, Dr. Tran, Jane Doe 2 (Director of Registered Nurses), the John Doe Director of Medical Services, Pritzker, and Jane Doe 1 (Dental Assistant), for failing to provide Plaintiff with pain relief or any treatment for his tooth ailment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). To state a constitutional claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Litherland, Tran, Jane Doe 1 (Dental Assistant), and Jane Doe 2 (Director of Registered Nurses). Plaintiff states that each of these Defendants saw him in person, he informed them of his painful dental condition, and each failed or refused to provide him with dental care or pain relief. Count 1 will also proceed against Meeks and the John Doe Director of Medical Services for Wexford, as Plaintiff alleges he notified them via letters of the other

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Defendants' failure to treat his dental problem, but they took no action to assist him. *See Perez*, 792 F.3d at 782. Of course, Plaintiff must identify the Jane/John Doe Defendants by name before they can be notified of his claims.

However, Pritzker and Wexford will be dismissed from the action. Plaintiff seeks to recover against Pritzker based on an alleged policy that limited dental treatment for prisoners to extractions only. A tooth extraction might have resolved Plaintiff's problem, but he was not even able to get that treatment; instead, he got no treatment at all. Therefore, the alleged extraction-only policy was not the cause of Plaintiff's injury and there is no basis to hold Pritzker liable.

Defendant Wexford Health Sources, Inc., is a corporation that provides medical care at the prison and employs several of the individual Defendants, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc*., 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). None of Plaintiff's allegations indicate that a Wexford policy caused any individual Defendant to deny him dental care. Count 1 therefore cannot proceed against Wexford.

### UNKNOWN JANE/JOHN DOE DEFENDANTS

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying by name the unknown Jane Doe 1 (Dental Assistant), Jane Doe 2 (Director of Registered Nurses), and the John Doe Director of Wexford's Medical Services, in accordance with the discovery order that will be entered by the Court. Once the names of the unknown Defendants are discovered, Plaintiff must file a motion to substitute the newly identified Defendants in place of the generic designations in the case caption and throughout the Complaint.

## MOTION FOR COUNSEL

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The first prong of the analysis is a threshold question. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655.

Here, Plaintiff has not demonstrated any effort, let alone a reasonable effort to obtain counsel on his own. (Doc. 3). Additionally, Plaintiff failed to sign his motion. For these reasons, his Motion for Recruitment of Counsel is **DENIED**. If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

The Complaint states a colorable claim in Count 1 against Litherland, Meeks, Tran, Jane Doe 1 (Dental Assistant), Jane Doe 2 (Director of Registered Nurses), and John Doe Director of Medical Services. However, Wexford Health Sources, Inc., and Pritzker are **DISMISSED** from the action without prejudice because the Complaint fails to state a viable claim against them.

The Clerk shall prepare for Defendants Litherland, Meeks, and Tran: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 29, 2022**

*s/  Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.