IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES JOHNSON, #R43618, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-449-SPM |
| ) | |
| DR. LITHERLAND, ) | |
| JOHN DOE (Dir. of Medical Services), ) | |
| STEVEN MEEKS, DR. TRAN, ) | |
| JANE DOE 1 (Dental Asst.), ) | |
| and JANE DOE 2 (Dir., Registered Nurses), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a motion to set aside default filed by Defendant Steven Meeks. (Doc. 34). The Court entered an Order on September 7, 2022, directing the Clerk of Court to enter default against Meeks in accordance with Federal Rule of Civil Procedure 55(a) because he failed to move, answer, or otherwise plead by his deadline of July 25, 2022. (Doc. 30). On September 12, 2022, Assistant Attorney General Tara Barnett entered her appearance on behalf of Meeks. (Doc. 32). On September 16, 2022, Plaintiff filed his motion for default judgment (Doc. 33) as directed by the Court, and Meeks' motion followed.

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Here, Defendant has met the standard for vacating the default. He inadvertently failed to

1

request legal representation which led to his failure to timely file a responsive pleading. He took quick action to correct the error when it was brought to his attention, and he is prepared to answer the complaint. (Doc. 34).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendant Meeks has met the requirements of Rule 55(c) and **GRANTS** the motion to vacate (Doc. 34). Plaintiff's motion for default judgment (Doc. 33) is **DENIED**. The entry of default (Doc. 31) is **VACATED**. Defendant's responsive pleading is now due no later than **September 26, 2022**.

**IT IS SO ORDERED.**

DATED:  September 16, 2022

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**United States District Judge**