IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES JOHNSON, #R43618, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cv-00449-SPM |
| | ) |
| MARK LITHERLAND, | ) |
| STEVEN MEEKS, and | ) |
| QUANG TRAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff James Johnson, an inmate of the Illinois Department of Corrections ("IDOC") filed this this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, asserting that Defendants refused to provide him with dental care for his severe tooth pain while he was incarcerated at Lawrence Correctional Center ("Lawrence") (Doc. 1). Plaintiff is currently confined at Illinois River Correctional Center (Doc. 47).

This matter is now before the Court on the Motions for Summary Judgment filed by Defendant Quang Tran, DMD (Doc. 38) and Defendant Dr. Steve Meeks (Doc. 43), which argue that Plaintiff failed to properly exhaust his administrative remedies before filing suit.[1] Plaintiff responded to the motions at Doc. 52. As discussed below, the motions will be granted.

BACKGROUND

Plaintiff filed his Complaint on May 4, 2021 (Doc. 1). He had submitted a number of sick call requests seeking care for severe pain in his tooth which prevented him from eating normally

---

[1] Defendant Dr. Litherland did not file a motion seeking summary judgment on the grounds of non-exhaustion (Doc. 38, p. 2).

1

and caused headaches. (Doc. 1, pp. 8, 13-14). Defendant Dr. Litherland visited Plaintiff at his cell on May 21, 2020 and told him that he could not do anything to help with Plaintiff's pain. Plaintiff filed a grievance that day; the grievance response noted that Plaintiff was given antibiotics and pain medication on June 16, 2020, and dental procedures had been halted because of the COVID-19 pandemic. (Doc. 1, p. 13; Doc. 39-1, pp. 41-43). In a June 24, 2020 grievance, Plaintiff denied that he had received medication and stated that Dr. Litherland told him on June 24, 2020 that he just had to deal with the pain. (Doc. 1, pp. 16-17; Doc. 39-1, pp. 65-66). Plaintiff's tooth had still not been evaluated.

Plaintiff was seen by Defendant Dr. Tran, who refused to do anything for his tooth pain. (Doc. 1, p. 8). Plaintiff wrote to Dr. Steven Meeks about his need for dental treatment but received no response. (Doc. 1, pp. 8-9).

Upon initial review, the Court allowed Plaintiff to proceed on the following claim (Doc. 12, pp. 3-5):

> Count 1:    Eighth Amendment deliberate indifference to serious dental needs claim against Dr. Litherland, Meeks, Dr. Tran, Jane Doe 2 (Director of Registered Nurses), the John Doe Director of Medical Services, and Jane Doe 1 (Dental Assistant), for failing to provide Plaintiff with pain relief or any treatment for his tooth ailment.

On February 7, 2023, the Court dismissed the John Doe and Jane Doe parties from the action without prejudice because Plaintiff failed to timely move to substitute the actual names of these unidentified Defendants (Doc. 46). The case is now proceeding only against Litherland, Meeks, and Tran.

The motions point to three grievances filed by Plaintiff over the lack of treatment for his dental pain:

A. **Grievance No. 5-20-300 – filed May 21, 2020**

This grievance was filed as an emergency but deemed non-emergency, complaining that Dr. "Leatherin" and "medical personnel" failed to treat Plaintiff's dental pain. Plaintiff resubmitted it through normal channels and it was fully exhausted on November 21, 2020. (Doc. 39-1, pp. 40-43; Doc. 44-1, pp. 7-8; Doc. 44-3, p. 4). Despite the misspelling, it is undisputed that this grievance refers to Defendant Dr. Litherland.

B. **Grievance No. 6-20-363 – filed June 24, 2020**

Plaintiff submitted this as a regular grievance, also against Dr. Litherland and "the medical personnel at Lawrence." (Doc. 39-1, p. 65). It was deemed to be a duplicate of No. 5-20-300. Plaintiff fully exhausted this grievance as of September 8, 2020 (Doc. 39-1, pp. 63-66; Doc. 44-1, p. 7; Doc. 44-3, p. 4)

C. **Grievance No. 04-21-034 – filed April 1, 2021**

This grievance was filed as an emergency against Dr. Litherland, a Jane Doe D.R.N., Nurse Douty, Officer Gibbs, and Warden Brookhart, deemed an emergency, and exhausted as of May 19, 2021. It was found to be moot because the decision was made on May 7, 2021 to surgically extract the problem tooth. (Doc. 39-1, pp. 11-14; Doc. 44-1, p. 4; Doc. 44-2, pp. 4-10; Doc. 44-3, pp. 4-5).

Dr. Tran's motion correctly points out that Plaintiff's Complaint did not specify the date(s) that he was seen by this Defendant. According to the motion, Plaintiff's grievance records demonstrate that he saw Dr. Tran for the first time on April 2, 2021. (Doc. 39, p. 2; Doc. 39-4; Doc. 39-6). Plaintiff submitted Grievance No. 04-21-034 on April 1, 2021, before this visit to Dr. Tran; that grievance was not exhausted until May 19, 2021, after Plaintiff filed this lawsuit. No other grievances filed or exhausted before filing this Complaint named Dr. Tran. Plaintiff's

3

Grievance No. 5-20-300 of May 21, 2020 was against Dr. "Leatherin" (Doc. 39-1, pp. 40-43; Doc. 39-4; Doc. 39-6). That grievance did not name or identify Dr. Tran. Plaintiff's Grievance No. 6-20-363 was also against Dr. "Leatherin" for dental complaints and did not reference Dr. Tran. (Doc. 39-1, pp. 63-66; Doc. 39-4; Doc. 39-6).

Defendant Meeks' motion notes that Dr. Meeks ended his employment with the Illinois Department of Corrections in March 2020 (Doc. 44, p. 4; Doc. 36, pp. 1-2). Dr. Meeks was not a medical provider at Lawrence during the time Plaintiff was seeking dental care or when Plaintiff filed the relevant grievances in May 2020-May 2021 (Doc. 44, p. 5). Further, Plaintiff did not name Dr. Meeks in the May 21, 2020 Grievance No. 5-20-300 or in Grievance No. 6-20-363 of June 24, 2020. (Doc. 44, pp. 2-3; Doc. 44-2, pp. 124-25; Doc. 44-3).

Plaintiff ultimately had the tooth extracted on May 21, 2021. (Doc. 39-6, pp. 6-9; Doc. 44-2, p. 93; Doc. 44-3).

Plaintiff's response asserts that he properly exhausted his claims against Dr. Tran and Dr. Meeks. His sworn declaration states that before his recorded visit to Dr. Tran on April 2, 2021, he had personally informed Dr. Tran of his tooth pain on several occasions, when Dr. Tran was seeing other inmates on his housing unit. Dr. Tran responded he could do nothing for Plaintiff's pain (Doc. 52, pp. 2, 9). Plaintiff does not specify the dates of these encounters, but states he spoke to Dr. Tran after he saw Dr. Litherland in his housing unit (which was in May and June 2020). (Doc. 52, p. 9).

Plaintiff further asserts that he wrote to Dr. Meeks (the IDOC Chief of Health Services) in February 2020 about his dental issues, having obtained Dr. Meeks' contact information in 2019 in connection with another case, but Dr. Meeks never responded (Doc. 52, pp. 1, 4, 9-10). Plaintiff's copy of the letter was later destroyed in a cell shakedown.

**LEGAL STANDARDS**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).

As an inmate in the Illinois Department of Corrections (IDOC), Plaintiff must follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. "A grievance must be filed...within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). If an inmate is unsatisfied with the outcome at the facility, he must appeal to the ARB within 30 days. 20 ILL.

ADMIN. CODE § 504.850(a). The grievance procedures do allow for an inmate to file an emergency grievance; to do so, the inmate must forward the grievance directly to the CAO who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." 20 ILL. ADMIN. CODE § 504.840(a). After such a determination, processing of the grievance is expedited, as is any appeal. 20 ILL. ADMIN. CODE § 504.840(b); § 504.850(f).

## ANALYSIS

### I.  Dr. Quang Tran

For the reasons discussed below, the Court concludes that it is not necessary to hold a hearing on Dr. Tran's motion for summary judgment.

A sworn declaration may be sufficient to create a genuine dispute on a material fact. A party may oppose summary judgment with an affidavit if it is based on personal knowledge, as Plaintiff's declaration is. FED. R. CIV. P. 56(c)(4). Plaintiff's sworn statement, however, does not claim that he filed any grievance that named Dr. Tran in connection with his dental complaints, nor does he reference any dental-related grievance(s) other than those listed above. Plaintiff's face-to-face encounters with Dr. Tran were sufficient to inform Dr. Tran of his tooth pain and to allow the deliberate indifference claim against Dr. Tran to go forward at the pleading stage. However, the facts now before the Court demonstrate that Plaintiff did not include Dr. Tran in any written grievance over his dental complaints. As such, there is no genuine dispute on the question of whether Plaintiff exhausted his administrative grievance remedies against Dr. Tran – he clearly did not.

Accordingly, Defendant Dr. Tran's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 38) will be granted.

## II. Dr. Steven Meeks

Similarly, the Court concludes that a hearing on Dr. Meeks' motion for summary judgment is not necessary.

Plaintiff claims to have notified Dr. Meeks by letter in February 2020 about his inability to get dental care. At that time, Dr. Meeks would still have been employed as the IDOC Chief of Health Services. (Doc. 36, pp. 1-2). Crediting Plaintiff's account, his letter was likely sufficient to put Dr. Meeks on notice of Plaintiff's medical condition and the alleged deliberate indifference of his Lawrence dental providers. However, Plaintiff does not claim to have ever named or referenced Dr. Meeks in any written grievance, and the documents before the Court do not show that Plaintiff did so. Because no grievance was filed, let alone exhausted, against Dr. Meeks, there is no genuine dispute of fact on the question of exhaustion. Plaintiff failed to exhaust his administrative remedies on the claim against Dr. Meeks, and his summary judgment motion (Doc. 43) will be granted.

### DISPOSITION

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 38) filed by Defendant Tran is **GRANTED**. Defendant Quang Tran is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Meeks (Doc. 43) is **GRANTED**. Defendant Steven Meeks is also **DISMISSED** from this action without prejudice.

This case will proceed on Plaintiff's deliberate indifference claim against Dr. Mark Litherland.

The matter of exhaustion of administrative remedies now being resolved, the stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits of Plaintiff's remaining claims. The Court will enter a separate scheduling order to set forth discovery and

dispositive motion deadlines.

The Court will address Plaintiff's pending Motion to Appoint Counsel (Doc. 49) in a separate order.

**IT IS SO ORDERED.**

**DATED: August 8, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
